**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jorge GARCIA–PANTOJA, a.k.a. Jorge
Garcia–Pantoia, Defendant–
Appellant.**

No. 13–10237.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 21, 2014.*

Filed Jan. 22, 2014.

Anne Elizabeth Mosher, Esquire, Assistant U.S., Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Thomas G. Hippert, Esquire, Law Offices of Thomas G. Hippert P.C., Tucson, AZ, for Defendant–Appellant.

Before: CANBY, SILVERMAN, and PAEZ, Circuit Judges.

MEMORANDUM ***

Jorge Garcia–Pantoja appeals from the district court's judgment and challenges the 12–month sentence imposed upon revocation of supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Garcia–Pantoja contends that the district court erred by ordering his revocation sentence to run consecutively to his sentence for illegal reentry. He argues that U.S.S.G. § 5D1.1(c) creates a presumption that the court impose a concurrent sentence when a deportable alien is sentenced for violating supervised release. We disagree. Section 5D1.1(c) concerns the imposition of a term of supervised release, not the sentence to be imposed upon revocation. *See* U.S.S.G. § 5D 1.1(c) (2011). Contrary to Garcia–Pantoj a's argument, the Guidelines recommend that the court impose a consecutive sentence for a supervised release violation. *See* U.S.S.G. § 7B1.3(f).

Garcia–Pantoja next contends that his sentence is substantively unreasonable be-

---

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

cause it creates unwarranted sentencing disparities. Contrary to his claim, Garcia-Pantoja is not similarly situated to defendants who are not serving terms of supervised release. The district court did not abuse its discretion in imposing Garcia-Pantoja's sentence. *See Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). In light of the totality of the circumstances and the 18 U.S.C. § 3583(e) sentencing factors, the consecutive sentence is substantively reasonable. *See id.*

**AFFIRMED.**